[No. 33806. Department Two. December 6, 1956.]

WAYNE C. IRWIN, *Respondent and Cross-appellant,* v. KENNETH W. SANDERS *et al., Appellants.*[1]

[1]Reported in 304 P. (2d) 697.

*Brown, Hovis & Cockrill,* for appellants.

*Hawkins & Loy,* for respondent and cross-appellant.

OTT, J.—In October, 1954, Kenneth W. Sanders and Bertha R. Sanders, his wife, entered into an oral contract with Wayne C. Irwin, a building contractor, for the remodeling and enlarging of their residence in Yakima. Wayne C. Irwin, by his amended complaint, alleged that he had agreed to remodel and enlarge the Sanders home; that he had performed the contract; and that the sum of $6,777.64 was due and owing. He prayed for judgment against Kenneth W. Sanders and wife and for foreclosure of his labor and materialman's lien upon the property. C. B. Brown & Son, painting subcontractors, who claimed a lien in the sum of $1,068.17 for their services, were joined as additional parties defendant.

Kenneth W. Sanders and wife answered the complaint, alleging that the oral contract provided for payment on the basis of cost plus ten per cent, with a sixteen thousand dollar maximum construction cost limit; that they had at various times paid the contractor a total of fifteen thousand dollars; that because of the defects in building construction

they were damaged in the sum of fifteen hundred dollars, and in the further sum of fifteen thousand dollars for wrongful filing of the lien. C. B. Brown & Son answered the amended complaint, alleging their contract, the performance thereof, the amount due, and their claim of lien.

The plaintiff, by his reply, denied the affirmative allegations of the defendant Sanders, admitted the allegations of the defendants C. B. Brown & Son, and alleged that the amount of the Brown claim was included in plaintiff's lien. Upon the issues thus joined, the cause proceeded to trial before the court, sitting without a jury.

After all parties had rested and before the court had announced its decision, C. B. Brown & Son, by stipulation of the parties, were paid $1,235.92 by the defendants Sanders. This payment included $167.75 for attorneys' fees and costs.

From a judgment rendered in favor of plaintiff contractor in the amount of $805.63, together with attorneys' fees and costs, the defendants have appealed. The plaintiff contractor has cross-appealed.

Upon conflicting evidence, the trial court found that the appellants had proved that the oral contract provided for payment on the basis of cost plus ten per cent, with a maximum construction cost of $16,000. The court accordingly found that the respondent was entitled to a payment of $16,000 (being the maximum limit of the contract), plus $443.80 for extras and $480 retail sales tax, making a total sum allowable to the respondent of $16,923.80. The court found that the appellants were entitled to an offset for $15,-000 they had previously paid on the building contract, $50 for defective construction, and $1,068.17, representing appellants' payment to the painting subcontractor minus $167.75 attorneys' fees and costs. The total offset allowed was $16,118.17, leaving a net sum of $805.63 due respondent, for which the court entered judgment, together with $150 attorneys' fees, and costs, and ordered foreclosure of the lien.

The appellants assign error to several findings of fact of the trial court. We accept the trial court's findings

to be the facts in the case, unless we determine that, construing the evidence most favorably for the respondent, it preponderates against the trial court's findings. *Gray v. McDonald,* 46 Wn. (2d) 574, 283 P. (2d) 135 (1955); *Brillhardt v. Ben Tipp, Inc.,* 48 Wn. (2d) 722, 297 P. (2d) 232 (1956). Applying this rule to the evidence, in our opinion the record sustains the findings of the trial court.

■ Appellants contend that the court erred in allowing respondent costs and attorneys' fees in the lien foreclosure proceeding. In support of this contention, they cite *Radley v. Raymond,* 34 Wn. (2d) 475, 209 P. (2d) 305 (1949). In the *Radley* case, the court did not allow attorneys' fees in the lien foreclosure action because it found that the lien was filed in bad faith. In the case at bar, the court found that the appellants had failed to establish bad faith. Our reading of the record convinces us that the evidence does not preponderate against the trial court's finding.

■ Appellants assign as error the trial court's allowance of a retail sales tax liability of four hundred eighty dollars on the sixteen thousand dollar contract. RCW 82-.08.050 provides that the retail sales tax must be paid by the purchaser. RCW 82.08.120 [*cf.* Rem. Rev. Stat. (Sup.), § 8370-27] prohibits the seller from absorbing the tax. We find no error in the court's finding that the tax liability was assessable to the appellants.

Appellants next contend that the court erred in failing to allow as a credit the sum of $167.75 attorneys' fees and court costs included in the sum paid by the appellants to C. B. Brown & Son in accordance with the stipulation.

RCW 60.04.110 [*cf.* Rem. Rev. Stat., § 1139] provides, in part, as follows:

"In all cases where a claim is filed for labor or materials the contractor shall defend any action brought thereupon at his own expense."

■ The statute places upon the contractor the duty to defend any action brought upon any claim *at his own expense.* In the instant case, the contractor made no request to appellants to pay the Brown claim. His only request

made to appellants, as shown by the record, was general in nature. He testified: "Well, I asked for more money to pay bills with and also stated that the job was running over the estimate."

The trial court made no finding as to the disallowance of the attorneys' fees and costs. In the court's memorandum opinion, it gave as its reason for disallowance that the appellants were indebted to respondent in an amount in excess of the C. B. Brown & Son claim at the time the claim was filed, and, since the contractor had a sufficient balance due from the owners to pay the Brown debt, the attorneys' fees and costs were the obligation of the owners.

When lien claims are filed, the statute places upon the contractor the obligation to defend against them at his own expense. If there is no defense against the claim, it is the contractor's obligation to pay it. The contractor may elect to pay the claim or authorize the owner to pay it, if funds are due him under the terms of the construction contract. In the instant case, the contractor made no demand upon the owners to pay the C. B. Brown & Son claim. He simply stated that he needed more money. When the contractor authorized the claim to be paid, the attorneys' fees and costs had been incurred. Under the facts in this case, the court should have allowed as a credit to appellants the entire stipulated amount paid to C. B. Brown & Son. The judgment should be reduced in the sum of $167.75.

Respondent's cross-appeal relates solely to the court's failure to find that the contract provided for payment in accordance with respondent's contention. The evidence in this regard was conflicting. The trial court weighed the evidence and concluded that the respondent and cross-appellant had not sustained the burden of proof. There is ample evidence in the record to sustain the trial court's finding.

■ The cause is remanded with instructions to modify the judgment as indicated above and, as so modified, the

judgment is affirmed. Neither party having completely prevailed, neither will recover costs on this appeal.

Donworth, C. J., Mallery, Hill, and Finley, JJ., concur.

January 28, 1957. Petition for rehearing denied.

[1]Reported in 304 P. (2d) 682.